UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DOROTHEA M. RUSSELL,

          Plaintiff,

    v.

MORTGAGE SOLUTIONS MANAGEMENT,
INC., BIDDLE ENTERPRISES INC., MCKEE
FINANCIAL GROUP INC., PACIFIC FIRST
FINANCIAL GROUP LLC, DIAMOND
INVESTMENT GROUP CORP., CURT
KIMSEY, COUNTRYWIDE HOME LOANS, INC.,
DOES 1-10, LINCOLN GENERAL INSURANCE
COMPANY, BANK OF NEW YORK MELLON,
and TICOR TITLE COMPANY OF OREGON,

          Defendants.

Civil No. 08-1092-PK

O R D E R

HAGGERTY, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation [94] in this action.  The

Magistrate Judge recommended denying in part assignee defendants' motion [62] to dismiss and

in the alternative to strike "to the extent it seeks dismissal of [plaintiff's Truth in Lending Act]

claim for rescission," but recommended granting the motion in part to the extent that the motion

"seeks to have language purporting to assert the assignee defendants' liability for the remedies

set forth in subparagraphs 45(b) and (c) stricken from [plaintiff's] Fourth Amended Complaint."

Findings and Recommendation at 17.  The Magistrate Judge also recommended granting leave to

plaintiff to amend her pleading "to restore such assertion of liability . . . in the event [plaintiff] is

ORDER -- 1

able to allege in good faith that an error giving rise to a right to rescind the September 2006

refinancing transaction was discernable on the face of the relevant disclosure statement." *Id.*

Defendants Countrywide Home Loans and Bank of New York Mellon (assignee

defendants) filed objections [101], as did plaintiff [102].  When a party objects to any portion of

the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo*

determination of that portion of the Magistrate's report.  28 U.S.C. § 636(b)(1)(B); *McDonnell*

*Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The court has given the file of this case a *de novo* review, carefully evaluating the

Magistrate Judge's Findings and Recommendations, the' objections, and the record of the case.

The Findings and Recommendation is well-reasoned, without error, and is adopted in its entirety.

## ANALYSIS

The Magistrate Judge provided a thorough recitation of the relevant facts, and these facts

will be summarized only where necessary in this analysis.  Plaintiff's objections are addressed

first.

### 1.    Plaintiff's Objections

Plaintiff contends that she has adequately pled her claims for rescission, statutory

damages, and attorney fees against the assignee defendants under the Truth in Lending Act

(TILA), and that the Magistrate Judge erred in granting some aspects of defendants' motions to

dismiss.  Plaintiff requests that all aspects of the dismissal motions be denied or, in the

alternative, that leave be granted to plaintiff "to amend her complaint to identify violations of

TILA that are apparent on the face of the documents."  Pl.'s Reply at 5.

This court interprets the Findings and Recommendation as concluding that leave should

be "freely granted in the event [plaintiff] is able to allege in good faith that an error giving rise to

a right to rescind the September 2006 refinancing transaction was discernable on the face of the

ORDER -- 2

relevant disclosure statement."  Findings and Recommendation at 16.  Accordingly, the heart of

this objection is whether the Magistrate Judge erred in concluding that plaintiff cannot obtain

attorney fees and statutory damages against the assignee defendants arising from the assignee

defendants' alleged failure to comply with their statutory obligations within twenty days of their

receipt of plaintiff's notice of rescission.

The Magistrate Judge undertook a careful exploration of the law and authorities

addressing whether the liability for attorney fees and statutory damages is limited to creditors

and not available against assignees except as specifically provided.  Findings and

Recommendation at 10-16.  Plaintiff objects to the Findings and Recommendation's conclusions,

arguing that the Magistrate Judge accepted a rule that defendants created "out of thin air."  Pl.'s

Reply at 2.  Plaintiff contends that the Magistrate Judge erred in concluding that "the liability for

attorney fees and for statutory damages set forth in Section 1640(a) is expressly limited to

creditors, and is not available against assignees except as otherwise specifically provided."

Findings and Recommendation at 15 (citation omitted).

Despite plaintiff's protestations, this conclusion is not the product of a "rule" that

defendants created out of thin air.  Rather, the conclusion was derived after careful analysis and

is consistent with a number of well-reasoned decisions throughout the country.  *See In re*

*Lindquist*, Bankr. No. 08-22324, 2010 WL 3636141, at *5 (Bkrtcy. D. Kan. September 9, 2010)

(§ 1641(a) provides that a civil action for violation of "this subchapter" ( §§ 1601 through 1667f)

may be maintained against an assignee only if the violation is apparent on the face of the

disclosure statement, unless the assignment was involuntary); *Sherzer v. Homestar Mortg. Serv.*,

Civil No. 07-5040, 2010 WL 1947042, at *12 (E.D. Pa. May 7, 2010) (TILA does not provide

for statutory damages or attorney fees against an assignee); *Yaldu v. Bank of America Corp.*, 700

F. Supp. 2d 832, 840 (E.D. Mich. 2010) (an assignee of a creditor may be liable under TILA, but

ORDER -- 3

only where the underling TILA violation is apparent on the face of the disclosure statement

provided in connection with such transaction pursuant to this subchapter and the assignment to

the assignee was voluntary); *Hudson v. Bank of America, N.A.*, Action No. 3:09-CV-462, 2010

WL 2365588, at *3 (E.D. Va. June 11, 2010) (Where a TILA violation is evident on the face of

the disclosure statement, an assignee may be liable for damages under § 1640, similar to a

creditor's liability).

Here, the Findings and Recommendation correctly concluded that plaintiff's allegations

are insufficient as pled to establish that the alleged errors on the disclosure statement would have

been facially discernable under the applicable standards, and that the assignee defendants'

motion to strike the assertions that these defendants are liable as alleged in subparagraphs

45(b)and (c) of plaintiff's Fourth Amended Complaint.  Plaintiff's objections are overruled.

### 2.      Defendants' Objections

Defendants assert that the Findings and Recommendation erred in failing to recommend

that this case should be dismissed in its entirety.  As the Magistrate Judge recognized, under

TILA, consumers can rescind a consumer credit transaction in which a security interest is

retained on the consumer's home.  If the creditor fails to deliver the disclosure and rescission

forms or fails to provide the required information, the right to rescind extends for three years

after the completion of the transaction.  15 U.S.C. § 1635(a).

The procedure governing rescission of a loan under TILA is set forth in § 1635(b), which

provides that:

> [w]ithin 20 days after receipt or a notice of rescission, the creditor shall return to
> the obligor any money or property given as earnest money, downpayment, or
> otherwise, and shall take any action necessary or appropriate to reflect the
> termination of any security interest created under the transaction.  If the creditor
> has delivered any property to the obligor, the obligor may retain possession of it.
> Upon the performance of the creditor's obligations under this section, the obligor
> shall tender the property to the creditor, except if return of the property in kind

ORDER  --  4

would be impracticable or inequitable, the obligor shall tender its reasonable
value.

Section 1635(b) does not state whether the ability to tender is a pleading requirement for

a rescission claim.  In *Yamamoto v. Bank of New York*, the Ninth Circuit held that in applying the

TILA, "a trial judge has the discretion to condition rescission on tender by the borrower of the

property he had received from the lender."  329 F.3d 1167, 1171 (9th Cir. 2003).

The Magistrate Judge correctly noted that *Yamamoto* did not hold that a district court

must, as a matter of law, dismiss a case if a plaintiff's ability to tender is not pleaded, but instead

recognized that it is within the trial court's discretion to choose to dismiss if the court concludes

that the party seeking rescission is incapable of performance.  Findings and Recommendation at

9 (internal quotations and citation omitted).

Defendants argue that failing to recommend dismissal was error, because plaintiff

"conceded in the course of the pleadings that she could not tender back."  Dfts.' Objections at 3.

These objections are overruled.

The Magistrate Judge followed what has been recognized by another court as the "most

workable practice" – to interpret *Yamamoto* as not precluding a rescission claim that lacks a

plaintiff's assertion that he or she is capable of tendering loan proceeds at the pleading stage.

*Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1181 (N.D. Cal. 2010).  The *Botelho* court

reasoned that *Yamamoto* was decided at the summary judgment stage, which permitted the

district court to consider evidence regarding the plaintiff's ability to tender the amount owed.  *Id*.

at 1180.  In denying a motion to dismiss, the court noted the difficulty in determining the

propriety "on the bare pleadings whether to require a given plaintiff to allege an extra element of

a claim in order to proceed any further with his or her suit."  *Id*. at 1181.

ORDER -- 5

Defendants contend that plaintiff has already provided sufficient evidence for the court to conclude that she is incapable of tendering the amount owed.  This court disagrees that the record is sufficiently developed as to this issue, and I adopt the Magistrate Judge's conclusion that *Yamamoto* does not sanction dismissal at the pleading stage for failure to allege the ability to tender.

In so adopting, this court also acknowledges that considerations regarding the adequacy of the pleadings in this respect may "come into play in the summary judgment context."  *Botelho*, 692 F. Supp. 2d at 1181 n.3.  Defendants may revisit this issue and – just as importantly – plaintiff will have an opportunity to present evidence and address the issue as well.

**CONCLUSION**

The court notes that the National Association of Consumer Advocates, the Oregon Trial Lawyers Association, and Our Oregon request leave to file an *amicus* brief. This court denies the request as untimely.  The proposed *amici* should have referred this matter to the Magistrate Judge before the issuance of the proposed Findings and Recommendation.  This court declines to permit parties to file *amicus* briefs in support or in opposition of a Findings and Recommendation as contemplated here.

The Findings and Recommendation [94] in this action is sound, well-reasoned, and is adopted.  The Objections from assignee defendants [101], and from plaintiff [102], are overruled. Assignee defendants' motion [62] to dismiss is granted in part and denied in part.  The motion is granted to the extent that it seeks to strike language purporting to assert the assignee defendants' liability for the remedies set forth in subparagraphs 45(b) and (c) of plaintiff's Fourth Amended Complaint.  Plaintiff is granted leave to amend her pleading to restore such assertions of liability by alleging in good faith that errors giving rise to a right to rescind the September 2006 refinancing transaction were discernable on the face of the relevant disclosure statement.

ORDER  --  6

The motion to dismiss is otherwise denied.

IT IS SO ORDERED.

Dated this __6__ day of October, 2010.


                                                  /s/   Ancer L. Haggerty

                                                     Ancer L. Haggerty

                                      United States District Judge

ORDER  --  7